THOMAS BUTCHER v. THE BANK OF BROWNSVILLE.

*Error from Atchison County District Court.*

The judgment of a Court having no jurisdiction either of the person or of the subject matter, is a nullity.

At common law, in suits on foreign judgments, it was not necessary to aver jurisdiction of the Court rendering it.

Courts of general jurisdiction are presumed to have had jurisdiction until the contrary clearly appears, and every presumption is in favor of jurisdiction. In this the code has not changed the common law rule.

A petition *held* not necessarily bad on demurrer, merely because it omitted to show jurisdiction in the foreign Court rendering the judgment sued upon.

Where the petition set out a judgment recovered in the Court of Common Pleas in Pennsylvania, *held* that the Courts of Kansas will take notice of the constitutions of sister States, and herein, that by the constitution of Pennsylvania the Court of Common Pleas is a Common Law Court, having original and appellate jurisdiction, and that a judgment obtained therein in a regular course of common law, is conclusive.

Section 130 of the Civil Code is confined to cases determined by a Court or officer of *special* jurisdiction. In cases to which this is applicable, it is not necessary to allege jurisdiction.

The plaintiff, by submitting, without excepting, to the manifestly bad rule of a Court, allowing demurrers and answers to the same cause of action to be filed at the same time, can afterwards take no advantage of it, except that it repels the inference that the defendant waved his demurrer.

The defendant having once obtained time and having failed to file his amended answer, the refusal of the Court to allow such amendment without a showing of grounds, *held* to be no error.

The amending of the petition by plaintiff after a motion to strike by defendant, in that plaintiff was allowed to insert the word "petition" in the caption following the names of the parties, gives no ground for a motion by defendant to amend his answer, *held* that the Court should allow such amendment to the petition at any time, without delaying the suit, *held also* that it was no error to overrule a motion by defendant to strike the petition from the files for that omission of the word "petition."

Where in a suit upon a foreign judgment for a sum certain, the answer of the defendant has been by him withdrawn, the refusal to allow a jury to assess the damages, on motion of defendant, *held* to be no error. Such a case does not come within the provisions of Sec. 94 of the Civil Code.

The facts of the case sufficiently appear in the subjoined opinion of the Court.

The case was argued by *G. W. Glick*, for plaintiff in error, and by *W. W. Guthrie*, for defendant in error.

*Otis & Glick*, for plaintiffs in error.

1st. The Court erred in permitting the plaintiff to insert the word "petition" in the original pretended petition on file. The Court had the undoubted right to permit the plaintiff to amend his petition. But the amendments cannot be made by interlineation of matter of substance, though clerical errors may thus in some cases be cured. It is not a petition without the word "petition" following the names of the parties. The word petition is now made matter of substance by the code. *See Sec.* 94.

2nd. The Court erred in refusing leave to defendant to file an answer, or amended answer to the plaintiffs petition, after said petition was stricken from the files. The bill of exceptions shows that the petition was stricken from the files. Now, when it was refiled or amended and filed, it seems to me that the defendant was in the same position as if he had never filed any pleadings in the case. There was no petition on file that the defendant was required to answer.

The motion to dismiss was sustained.

There was no case in Court, but the Court in its discretion allowed the amendment to be made, and the case reinstated. Now certainly as to the defendant this was in effect the commencement of a new action, and he had certainly a right to plead in the new action or petition. He was not bound by any pleading on file as they were placed there under an arbitrary rule of the Court, simply for the purpose of saving time and preventing continuance under our Territorial Courts when we had a Court only once in a year. The defendant after the reinstating of the case had the right to plead to the petition, and plead such pleading as he thought the law of the case authorized. After any amendment, the opposite party I claim, has the

right, the absolute right to plead to. the new or amended pleading.   If this was not law gross injustice would be the result.   The party can be put upon terms, but this should be on the payment of cost, and the time limited to him to plead.   The right to plead to the amended petition in this action, I claim was an absolute right; there had been no petition on file that the defendant was bound to answer, and when by amendment it was made good he should have his day in Court.

This amendment though slight was in a matter of substance made matter of substance by the code.   *Code Sec.* 94; *Seney's Code,* 148; *Note* "*b*," 183; *Note* "*a*," 177; *Note* "3."

The defendant should have been permitted to file an amended answer after plaintiff filed amended petition. *Seney's Code,* 178; *Note* "*a*," *et seq.* ; *Note* 8, 9 *and* 10; 6, *O. S. R.,* 81.

The law of amendments as construed in Kansas, is more strict than at common law   This destroys the intention of the code framers.   The parties should be permitted to frame their pleadings so as to elicit the justice of the case.

3rd.   The Court erred in overruling the demurrer to plaintiffs petition.   The demurrer alleged that the petition did not state facts sufficient to constitute a cause of action, &c.

The demurrer presents two questions as to the sufficiency of the petition.

1st.   The petition does not show that the Court rendering the judgment sued on had jurisdiction of the subject matter and the person of defendant.

2nd.   The petition makes the record sued on a part of the petition, and upon the whole petition as thus made by the pleader, it does not show a cause of action in favor of the plaintiff.

As to the first point, the petition ought to show jurisdiction in the Court rendering the judgment sued on.   It

must be shown that the Court had the authority to render the judgment it did. If this does not appear from the face of the petition, the objection I think is fatal on demurrer. There is not even an allegation that the Court had jurisdiction in the premises, much less a statement of facts showing this. I do not say that if there was an averment that the Court rendering the judgment had jurisdiction, it would not be sufficient, but I do claim that less than this cannot sustain the position. If jurisdiction is not shown, certainly the petition was defective. *Seney's Code*, 162, *Note "b" and* 4; *Barnes* v. *Harris*, 3 *Barb.*, 603; *Cleaveland* v. *Rogers*, 6 *Wend.*, 428.

In this connection the 6th assignment of error should be considered.

It appears from the bill of exceptions that the Court in order to sustain this petition had to look into the exhibit or judgment record and consider this part of the petition. Can this be done?

2nd. The second proposition is that, as the petition makes the record sued on a part of the petition, and upon the whole petition as thus made up by plaintiff, it does not show that the plaintiff has a cause of action. It may show that the plaintiff has a part interest in the judgment sued on. But it does not show facts sufficient that are material in such cases to entitle the plaintiff to recover in this action. No assignment of the judgment to the plaintiff. No reason alleged why John R. Dutton is not made a co-plaintiff, and no allegation of his death. Something of this kind is certainly necessary before the bank can maintain this action on this record. *Chittys Plead.*, 2 to 9 *pages*.

4th. The Court erred in not permitting the defendant to file an answer after the overruling of the demurrer so as to prevent the defense as indicated by the bill of exception.

10

The facts do not show that the defendant demurred for delay. There is no pretense of that. The facts if they show anything, show that the defendant had a valid defense. I claim the true construction of the code to be that the defendant may as a matter of right, of course, after the overruling of his demurrer, file an answer, when the Court is satisfied that he did not demur for delay, and had a valid defense. The grounds of objection to filing an answer must appear affirmatively. But in this case the reverse is shown. *Code, Sec.* 146.

5th. The Court erred in overruling the demand of the defendant for a jury, on the overruling of his demurrer, and when the plaintiff demanded judgment in the case.

The defendant was entitled to a jury if he demanded one. This was a common law action, and was a proper case for a jury. The overruling of the demurrer was only a decision that the petition was sufficient in law. The defendant was then in default for answer, but this does not preclude him from the right to a jury trial, to assess the amount due to fix the sum for which he was liable. This right exists in all cases where a party would be entitled to a jury at common law. The condition of the pleading cannot take away this right. He was entitled to have a jury to find to what extent he was liable.

Our constitution, Sec. 5, Bill of Rights, provides that "the trial by jury shall be inviolate."

The constitution did not establish the trial by jury, but recognizes it as an existing fact, which shall be inviolate. If then it is inviolate, can it be taken away in the manner it was done in this suit below? The code is in harmony with this provision of the constitution, and does not in any case depose the defendant of his trial by jury, in any case proper for a jury. This was such a case as provided for by Sec. 274 of the Code.

Section 386 of the Code provides for the rendition of judgment by the Court on failure to answer, or after a de-

Butcher v. The Bank of Brownsville.

cision of an issue of law.   The Court may with assent of
the party not in default, take an account, &c.   This con-
templates that the overruling of a demurrer (that being an
issue of law,) does not settle the case in favor of the plain-
tiff, further than the question of law is concerned.   That
does not affirm that the amount is due that is claimed in
the petition.   *See Code* 137, *last clause.*

But Section 609 of the Code has placed the question
beyond controversy.   The Court may with the assent of
the party not in default, or when the Court has decided an
issue of law in his favor by overruling a demurrer to his
petition, take an account or assess the sum due.   But Sec.
609 of the Code has put a limit to this right of the Court,
and the party not in default, by providing that defendant
may come into Court when he is in default or after an
issue of law has been decided against him, and demand a
jury.   The demurrer admits the fact stated to be true, but
this means only the facts stated which go to show the plain-
tiff's right of action, and does not mean that the amount
claimed is due, or that plaintiff is entitled to the particu-
lar relief demanded by the petition.   The code evidently
intended this construction as it no where provides for the
rendition of a judgment on the overruling of a demurrer.
If this is not so, why provide for taking an account &c.,
after a decision of an issue at law?   The evidence might
be objected to on the taking of the account, &c.   The
overruling of a demurrer and a default leave the defend-
ant in the same situation.   *State* v. *Work*, 2 *O. S. R.*

6th.   The defendant was entitled to a new trial in this
action, and the Court erred in not granting it upon the
grounds stated in the motion.

The Court after the allowance of the amendment to the
plaintiff's petition, could not try said cause till the time
expired which the defendant was entitled to for answer-
ing.   *Seney's Code*, 148, *Note "B;"* 183, *Note "A;"* 177,
*Note* 4.

7th.   The Court erred in not arresting the judgment.

The exhibit with the petition shows that the plaintiff is not entitled to a judgment.   That shows that an other party is equally interested with it.   The plaintiff could not sue for a part of the sum due on this record, though it does only own a part of it.   The Bank and J. R. Dutton are parties to the judgment record, and they together must and can only sue on it, or show some valid reason why they all do not join in the action.   J. R. Dutton must be a party to the suit or the petition must show a valid or legal excuse for his not joining as plaintiff in the case. *See Code Sec.* 41, 42, 47.

The Court had to examine the record sued as part of the petition, in assessing the sum due, and that shows that the Court could not legally render judgment on the petition filed.   This judgment record on which this suit is predicated, is a judgment in favor of the plaintiff in this action, and one J. R. Dutton, against the defendant.   It shows that the cause of action did not exist in favor of the plaintiff and against the defendant, but that the plaintiff and Dutton were the real parties, and the right of action exists in favor of them jointly, if at all.   They could not sever, neither could they divide the cause of action in this way, and bring separate suits for the interest that each might have in the judgment.   Such severance is not proper or legal.   One of several partners cannot sue for his individual share of a particular debt, neither can one joint creditor do so.   This is what is attempted in this case, and this being the way suit is brought, the Court could not render a judgment in the case.

*Glen & Foster*, for defendant in error.

The questions in this case necessarily arise in the order of the pleadings in the Court below.

By a rule of Court at the time of the filing of the pleadings in this case, all pleadings and motions to the merits

of the case, were to be filed at one time and in the order in which at common law practice they would follow.

1st the demurrer, 2nd the answer, and 3d the motion to strike, were filed.

Defendant says 1st, that the filing a " motion to strike " after " answer," waived the right to answer.   2 *Sand.*, 680, *Seney's Code, p.* 158.   2d. That by the code such practice does not apply to a *technically* defective pleading.   *See Code*, *Sec.* 128.   But the *Journal Record* shows that the motion to strike was not sustained.   *See Code p.* 128, *Sec.* 304, *and* *Nash*, 544.   But the amendment was allowed.

*Naming the pleading*, was not an amendment within the meaning of Sec. 145, giving right to the adverse party to amend of course.   *See Sec.* 147, 148.

As to the Demurrer, the petition states that the cause of action is a " debt on judgment."   It shows the Court in which,—the time when,—amount of the judgment, and that it remains unsatisfied.   It shows this without the aid of exhibits, but an exhibit being a copy of the judgment, is made part of by the petition, and not as evidence in the case.   Case in 1 Handy does not controvert this proposition.

Judgments of foreign Courts of Record, are to be presumed to be according to the laws of such State till the contrary is shown.   How to plead, see Seney's Code, p. 161.

The petition shows only that the foreign judgment was recovered in favor of the bank.   · The exhibit shows the same.

The judgment is entered in favor of each distinctive plaintiff in one journal entry by procurement of defendant Butcher; he cannot afterwards complain even if the·law of Pennsylvania does not confer such authority, which the record of itself, in absence of showing to the contrary, shows they do.

The judgment is shown to have been rendered as it was by consent of defendant Butcher, who at said time waived all errors. The plaintiff in error argues as if the Bank and Dutton were partners, which the record shows is not true.

The right of defendant in the Court below to amend the answer, was in the discretion of the Court, the exercise of which is not subject to review on error.

When the defendant withdrew his answer, the issue before the Court was only on the plaintiff's petition.

Did the plaintiff establish his claim? The record shows he did.

We think the demand (it being upon written evidence of indebtedness) undisputed. The Court should have rendered judgment without the hearing had, for the amount demanded in the precipe.

Had the defendant a right to a jury to assess damages?

In settling this question Sections 271, 274, 83, 386, and 609 of the Civil Code, are to be construed together. Taken together, they read that, when the defendant is in default, unless the cause of action is such as to require proof to settle an unliquidated account, the Court, with the consent of the plaintiff may give judgment for the plaintiff, but Sec. 137, settles the law. *See Nash,* p. 502. In this case the action is upon a judgment, by default; the defendant admits such judgment to exist. If it exists at all, it is for the amount stated in the petition. It is neither an issue of fact controverted by answer, nor an unliquidated account requiring proof.

The practice of common law of giving judgment upon overruling a demurrer, is not changed by the code. *See Nash,* p. 499.

*By the Court,* KINGMAN, J.

The Bank of Brownsville brought a suit in the District Court of Atchison County, against the plaintiff in error,

on a judgment of the Court of Common Pleas of the State of Pennsylvania.

To the petition, the defendant Butcher interposed a demurrer, an answer and a motion to strike the case from the files of the Court, all filed at once under a rule of the Court then existing. The motion to strike the case from the files was first taken up. The grounds of it were that the plaintiff had omitted to insert the word petition after the title of the cause. The plaintiff interposed a motion for leave to amend, which was granted, and the amendment made by inserting the word petition in its appropriate place, after the title of the cause.

This is the statement of the journal entry.

"The bill of exceptions recites that the amendment was permitted after the motion to strike had been sustained.

The demurrer was then considered and overruled.

The defendant then moved for time to make an amended answer, which was denied, the defendant having at a previous term of the Court had leave to file an amended answer in forty days and had failed to do so.

Defendant then withdrew his answer on file, whereupon plaintiff demanded judgment. Defendant demanded a jury to assess damages, which was refused, and the Court proceeded to render judgment for the debt.

To the various rulings of the Court the defendant excepted, and brings the case to this Court to correct the alleged errors."

We will consider them in their order.

The action of the Court in permitting a party to amend by inserting the word petition which had been omitted, was so manifestly correct that we need not argue it. By the code it is made necessary that that word shall follow the names of the parties to the suit in the caption. When omitted, the Court should allow an amendment at any time without delaying the suit, and ought not to sustain a motion to strike it from the files without first at least giv-

ing an opportunity to amend. " The Court in every stage of the action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or vacated by reason of such defect." *See page 8, Code.* We do not happen to see how it would affect the substantial rights of the adverse party whether the amendment was made or not.

The next alleged error was in overruling the demurrer. The petition was for the recovery of a debt due by a judgment of the Court of Common Pleas of the State of Pennsylvania, and did not contain any averment that the Court had jurisdiction either of the person or cause of action. Is such averment necessary ? At common law in suits on foreign judgments, it does not seem to have been necessary to aver jurisdiction in the Court rendering the judgment. 2 *Chitty's Plead. p.* 414, *N. C. ; Comyns Digest, Tit. Pleader.* 2 *W.* 12, *and E.* 18.

Section 130 of the Code which is quoted, has no bearing upon this case, but is confined to cases determined by a Court or officer of special jurisdiction.

A judgment rendered by a Court having no jurisdiction either of the person or the subject matter is void and a mere nullity, so that when a judgment of a Court of general jurisdiction is stated to have been rendered, it implies that the Court had jurisdiction. If the extent of the jurisdiction of the Court does not appear, it has been held that it will be presumed to have jurisdiction.

In Kentucky the rule has been laid down very broadly, thus : That when the judgment or decree of a sister State is produced rendered by one of its tribunals, we must presume that tribunal had jurisdiction and authority, and the onus of impleading it is thus thrown on him against whom it is urged. 5 *L. M.*, 350.

It may be doubted if this is not too broad.

Butcher v. The Bank of Brownsville.

The better rule seems to be that laid down in New York and some other States, which is, that in respect to Courts of *general jurisdiction*, that they are presumed to have had jurisdiction until the contrary clearly appears. 19 *Johnson*, 33; 3 *Wend.*, 267. "Every presumption is in favor of the jurisdiction of the Court." 4 *Cowen*, 294.

If then the onus of showing that the Court had not jurisdiction is on the party against whom it is set up, it is very appropriate that he should show it in his answer. For the very statement in the petition, that a judgment of a Court of general jurisdiction has been rendered, of itself imports jurisdiction.

The point has been expressly decided in the case of Wheeler v. Raymond, 8 Cowen, 314, wherein Savage Ch. J., said that in pleading the judgments of Courts of limited jurisdiction, it is necessary to state the facts upon which the jurisdiction of such Courts is founded; but with respect to Courts of general jurisdiction, such averments are not necessary, and if there was a want of jurisdiction, that fact should come from the other side."

See Swan's Pleading and P., pp. 212, 290, where the same doctrine is held. Courts will take notice of the constitutions of sister States. (1st *Pennington*, 405.) And we find that by the constitution of the State of Pennsylvania, the Court of Common Pleas is a common law Court, having important original and appellate jurisdiction, and no doubt can be entertained, but that a judgment obtained in one of these Courts in a regular course of the common law is conclusive.

The Court being one of general jurisdiction we think it was not necessary to aver jurisdiction by the common law, and the code has not changed the law on this point. But if we are wrong in our inference that the Court of Common Pleas in that State is one of general jurisdiction, then the case comes under Sec. 130 of the Code, and the statement of the jurisdiction was not necessary.

In argument, another cause of demurrer was assigned on account of some peculiarity in the form of the record, but it is the usual form of the judgment on a cognovit rendered in Pennsylvania.

The next alleged error in the Court was the refusal to give further time for filing an amended answer. No showing was made by affidavit or otherwise why an amendment was necessary, and if necessary, why it had not been filed when the time had been previously given.

We do not propose to comment on the rule of Court requiring demurrers and answers to be filed at the same time. It is manifestly a bad rule, but by conforming to it without excepting, the plaintiff can take no advantage of it, save that it repels the inference that by filing his answer the defendant waives his demurrer. Having once obtained time and failed to file his amended answer, he was certainly not entitled to delay the case longer for time without any showing whatever why it was not ready.

We dismiss the pretext urged that as the petition was amended by inserting in its caption the word petition, it gave defendant a right to file an amended answer without argument, as insufficient.

The demurrer was properly overruled.

The only remaining question to be considered, is, did the Court err in refusing to allow the defendant a jury to assess damages?

Defendant had withdrawn his answer, and there was no issue to try, neither were there any damages to assess or fact to ascertain.

It was a suit for a sum certain. A debt *Eo nomine*, and not sounding in damages. There were no values to fix. The Code requires, (*Sec.* 94,) that "If the recovery of money be demanded, the amount thereof shall be stated, and if interest thereon be claimed the time from which interest is to be computed, shall also be stated."

These being necessary allegations, are to be taken as true unless there are " allegations of value or of amount of damage." There being none such in this case, the petition was to be taken as true, and there was nothing for a jury to try or to do. Nothing was left but to give judgment for the amount. Therefore we think a jury was not necessary.

Wherefore the judgment of the Court below is affirmed with judgment for costs against the plaintiff in error.

All the justices concurring.