IRA F. POWERS v. THE BADGER LUMBER COMPANY.

No. 14,856   (90 Pac. 254.)

SYLLABUS BY THE COURT.

1. PETITION — *Amendment — Relation — Statute of Limitations.* When a petition fails to state a cause of action an amendment which asserts a cause of action barred by the statute of limitations does not relate back to the first petition so as to deprive defendant of the defense of the statute.

2. SUBCONTRACTOR'S LIEN—*Foreclosure—Notice to Landowner.* A petition to foreclose a subcontractor's lien under the mechanics' lien law failed to allege that notice of the filing of the lien had been served upon the owner. More than a year after the lien was filed the petition was amended so as to allege service of the notice. A motion for judgment on the pleadings was denied, and an objection to evidence under the amended petition overruled. *Held,* error.

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed May 11, 1907. Reversed.

*G. W. Hurd,* for plaintiff in error.

*W. H. Carpenter,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The Badger Lumber Company brought suit to foreclose a subcontractor's lien for material furnished in the erection of a dwelling-house at Herrington, belonging to Ira F. Powers. The petition failed to allege that a notice of the filing of the lien was served upon the owner. Issues were joined, and when the case was reached for trial, which was more than one year after the filing of the lien, plaintiff asked, and over defendant's objections was granted, leave to amend the petition. The amendment was made instanter and alleged service upon the owner of a written notice of the filing of the lien the day after it was filed. Defendant's motion for judgment on the pleadings was denied and the cause was tried to the court. An objection to the introduction of any evidence on the ground that the petition failed to state a cause of action was overruled, as was also a demurrer to the evidence. The court made findings of fact, and gave plaintiff judgment for $700.71 and costs and sustained the lien. Defendant brings this proceeding in error.

There is no privity of contract between the subcontractor and the owner, and the former can only obtain a lien by compliance with the statutory provisions. It is not enough that he has furnished the material and filed his lien. The service of notice upon the owner is one of the necessary steps. Without such notice he obtains nothing. The right to claim and enforce his lien being statutory, the action can only be maintained upon a petition alleging a compliance with the statute.

The original petition was bad as against a demurrer, and equally so upon an objection to any evidence and upon a motion for judgment on the pleadings. The fact that the amendment was made after the year had expired appeared upon its face, and the court's attention was challenged thereto by the motion and objection as effectually as though the statute of limitations had been expressly pleaded.

In *Walker v. O'Connell*, 59 Kan. 306, 52 Pac. 894, which was an action by a widow to recover damages for the death of her husband, the petition failed to allege the non-appointment of an administrator. The fatal omission was supplied by amendment after verdict, but the objection was raised by a motion for judgment on the pleadings and also by an objection to evidence on the trial. It was held that the court erred in denying the motion for judgment as well as in the subsequent rulings, for the reason that the action was statutory and the petition lacked an essential averment to entitle plaintiff to recover under it.

It was held in *A. T. & S. F. Rld. Co. v. Schroeder*, 56 Kan. 731, 44 Pac. 1093, that "a plaintiff cannot deprive a defendant of the benefit of the statute of limitations by engrafting upon a case commenced in time another cause of action barred by the statute." (Syllabus.)

In most of the adjudged cases the departure between the first and second pleading is said to be a change from law to law, and commonly arises where a cause of action under the common law is first asserted and after the period of limitations has expired a statutory action is relied upon. Such was the situation in *Union Pacific Railway v. Wyler*, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, cited with approval in the Schroeder case, *supra*, where the amendment to the petition eliminated the cause of action relied upon originally and asserted one not referred to or relied upon in the original. It was held that the action was in fact commenced when the amendment was incorporated into the pleadings and not when the action itself was commenced. It is urged here that the cause of action in the amended petition is the same cause of action sought to be recovered upon in the original petition and that the amendment relates back. The difficulty is that the original petition, as we have seen, set up no cause of action at all. It was said in *Kansas City v. Hart*, 60 Kan. 684, 57 Pac. 938:

"Even though the amendment might otherwise be

44—75 KAN.

allowable, it is generally held that it will not be permitted when the effect will be to make the state of facts pleaded relate back so as to avoid the statute of limitations if the new cause of action would be otherwise barred." (Page 691.)

To the same effect see *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Becker v. Railway Co.,* 70 Kan. 193, 78 Pac. 408. In the present case the only cause of action stated was barred. We quote further from the opinion in *Kansas City v. Hart, supra:*

"As the doctrine of relation rests on a fiction of law invented for the purpose of accomplishing justice, courts can hardly allow a new and different right of action which is barred to be engrafted on the original one that was not barred, and thus deprive the defendant of his defense of the statute of limitations." (Page 691.)

We are asked to say that a petition which stated no cause of action tolled the statute. We are unable to see that the present case in principle differs from the very analogous case of *Walker v. O'Connell,* 59 Kan. 306, 52 Pac. 984. Although the claim asserted in the amended petition is the same claim sought to be set up in the original, the amended petition stated a cause of action for the first time after the bar of the statute had fallen. The situation, in principle, is no different from that presented where the departure is from law to law. In the present case it may be said to be a departure from no law to law. The conclusion which follows is that the cause must be reversed and remanded.