No. 23,360.

THE LONG-BELL LUMBER COMPANY, *Appellant*, v. CHARLES DET-
TINGER et al. (J. A. SURPLUS et al., *Appellees*).

### SYLLABUS BY THE COURT.

LIENS AND LIENHOLDERS—*Insufficient Notice to Perfect a Mechanic's Lien.* A
mechanic's lien statement asserted that the land was owned by J. A. Surplus
in fee simple. The notice of lien was directed to "J. A. Surplus, owner,"
and was served personally on J. A. Surplus. The land was owned by Elsie
Surplus, who was insane, and was confined in a hospital in a distant county.
J. A. Surplus was her husband and guardian, and did not reside on the land.
*Held*, the service of notice was insufficient to perfect a lien.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed
December 10, 1921. Affirmed.

*J. M. Pleasant,* of El Dorado, and *W. R. Thurmond,* of Kansas City, Mo.,
for the appellant.

*G. P. Aikman,* and *C. L. Aikman,* both of El Dorado, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a mechanic's lien.
The plaintiff was denied relief, and appeals.

The land on which the improvement was erected belonged to
Elsie Surplus, who was insane and was confined in the state hos-
pital at Topeka. The improvement was contracted for by her hus-
band and guardian, J. A. Surplus, who did not reside on the
premises. The contractors were Dettinger and Rader, and they
purchased material from the plaintiff. An agent of the plaintiff
undertook to perfect a subcontractor's lien. The lien statement
misdescribed the land, and stated that the land was owned by J. A.
Surplus in fee simple. The notice was directed to "J. A. Surplus,
owner," misdescribed the land, and was served personally on J. A.
Surplus. When preparing for the trial of the case, the attorney
for the plaintiff discovered the defects in the lien statement and
notice. The facts were disclosed to the court in the opening state-
ments of counsel, and the plaintiff's attorney asked leave to amend
the lien statement and the petition. The court was of the opinion
the amendments would serve no purpose, because notice of lien
had not been given the owner of the premises.

The statute requires notice in writing of the filing of the lien
statement to be served on the owner of the land. If the owner can-
not with due diligence be found in the county, a substitute for

personal service may be resorted to. After the filing by the claimant of an affidavit stating the facts, notice may be served on the occupant of the land, or if there be no occupant, by posting in a conspicuous place on the land. (Gen. Stat. 1915, § 7559.) J. A. Surplus was not owner of the land, either in his individual or in his representative capacity. Notice to him as owner was not notice which affected him as guardian, or which affected his ward or her estate, and the indispensable statutory requirement of notice to the owner was wanting.

The petition contained a statement that the plaintiff furnished the material under a contract with the contractors, for themselves and as agents of J. A. Surplus, and prayed personal judgment against Surplus. The petition as a whole, however, does no more than exhibit the relationships of owner, contractor, and subcontractor, necessary to a lien. Besides that, it appeared, in the colloquy between court and counsel, that what the plaintiff hoped to do was to bind Surplus by some negotiations with him occurring after the lien statement had been filed, but which were not sufficient to create personal liability on his part.

The judgment of the district court is affirmed.