Cobb v. Burford.


No. 26,491.

W. D. COBB, *Appellee*, v. SARAH J. BURFORD et al., *Appellees*, C. L.
PONTIUS, JOHN MARTIN and J. H. TURNER, *Appellants*.

### SYLLABUS BY THE COURT.

1. PLEADING—*Amendment—Discretion of Trial Court.* Rule followed that the
trial court has discretionary power to grant or deny motions to amend plead-
ings; and where the record discloses nothing to indicate that such discretion
was abused, error cannot be predicated thereon.

2. MECHANICS' LIENS—*Pleading—Notice to Owner.* In an action concerning
certain liens claimed for labor and materials supplied in building a house,
where the answers and cross petitions of certain lien claimants were de-
murrably defective in that they did not allege service of written notice on
the owner of the property, informing her of the filing of their liens, the
answer of the defendant owner examined, and held not to supply the want-
ing matter essential to the valid assertion of the cross petitioners' liens, and
held also that her answer was not fairly susceptible of an interpretation that
the validity of the liens was admitted or that full compliance with the
statutory requirements essential to the enforcement of the liens had been
waived.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT,
judge. Opinion filed June 12, 1926. Affirmed.

*J. Graham Campbell, Ray Campbell, T. A. Noftzger* and *George W. Cox,*
all of Wichita, for the appellants.

*John W. Adams, William J. Wertz* and *George Adams,* all of Wichita, for
appellee Sarah J. Burford.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin* and
*Sidney L. Foulston,* all of Wichita, for appellee The J. W. Metz Lumber
Company.


The opinion of the court was delivered by

DAWSON, J.:   This action is concerned with the validity of cer-
tain liens claimed for labor performed and materials supplied in
the improvement of real property.

It appears that the plaintiff Cobb built a house in Wichita for
Sarah J. Burford. Pontius, Martin and Turner furnished certain
labor and materials used in its construction. Cobb filed suit to
recover his due. Mrs. Burford answered that she owed somebody

Appeal and Error, 4 C. J. p. 799 n. 34. Mechanic's Liens, 40 C. J. pp. 64 n.
56, 160 n. 84, 174 n. 52, 175 n. 56, 434 n. 81. Pleading, 31 Cyc. p. 368 n. 9; 21
R. C. L. 573.

Cobb v. Burford.

$2,451.35, either plaintiff or one or more subcontractors, thirteen of whom had filed answers and cross petitions in the action setting up claims to liens on her property aggregating $4,386.17, but that Cobb was not entitled to anything until he had paid these liens.

Pontius, Martin and Turner, codefendants, were three of these subcontractors, and their claims were for $517.87, $350.57 and $153.33, respectively. In their answers and cross petitions they did not allege service of a written notice on Sarah J. Burford informing her of the filing of their several liens. In her answer to these lien claimants and cross petitioners defendant Burford joined issues on various matters not here pertinent, and alleged:

"This defendant further alleges that the said codefendants and each of them did not file their mechanic's lien within the time allowed by law for furnishing their last labor and material.

"That the said defendants and each of them did not file a valid lien and serve their notice on this defendant, Sarah J. Burford, within the time provided by law."

At the trial defendant Burford's objection to the introduction of evidence on behalf of Pontius, Martin and Turner was sustained, on the ground that they had failed to include in their cross petition "an allegation that notice had been served upon Sarah J. Burford, as the owner of the premises, notifying her that a mechanic's lien had been filed against her property, and because more than one year had passed from the date of the said filing at the time of the trial of this action."

Judgments were entered in behalf of Pontius, Martin and Turner against the plaintiff Cobb, but it was also adjudged that they were not entitled to a lien against the property of Sarah J. Burford.

The cross defendants appeal, complaining of the rulings of the trial court against their tenders of evidence and their motion to amend their cross petitions.

Touching the ruling on the motions to amend the pleadings, that matter was vested in the sound discretion of the trial court, and error is not apparent thereon. (*Croner v. Keefer,* 103 Kan. 204, 206, 173 Pac. 282.)

Coming to the main question: the creation of a lien in behalf of a person who is not a direct creditor of the owner of property is purely a matter of statute, and of course the statutory steps to create and perfect such lien must be taken, otherwise it does not arise. One of the requisite steps to perfect such lien is the giving

of a written notice to the owner of the property that such a lien
has been filed. The statute reads:

"Any lien provided for by this act may be enforced by civil action in the
district court of the county in which the land is situated, and such action shall
be brought within one year from the time of the filing of said lien with the
clerk of said court: *Provided,* That where a promissory note is given such
action may be brought at any time within one year from the maturity of said
note. The practice, pleading and proceedings in such action shall conform to
the rules prescribed by the code of civil procedure as far as the same may be
applicable; and in case of action brought, any lien statement may be amended
by leave of court in furtherance of justice as pleadings may be in any mat-
ter, except as to the amount claimed." (R. S. 60-1405.)

It has been repeatedly held that a pleading setting up a me-
chanic's lien is defective if it fails to allege service of notice in
writing as required by the statute. (*Powers v. Lumber Co.,* 75 Kan.
687, 90 Pac. 254; *Baker v. Griffin,* 120 Kan. 448, 243 Pac. 1057.)
It is argued, however, that the want of this requisite allegation in
the cross petition of appellants was supplied by the answer of Sarah
J. Burford. We have quoted above the pertinent recitals of her
answer. It would indeed be a curious piece of tergiversation if de-
fendant's pleading in which she alleged that appellants had failed
to file their liens within time and alleged that their liens were not
valid and that appellants had not served timely notice on defend-
ant were fairly susceptible of an interpretation that she was ad-
mitting the timely filing and timely notice of appellants' lien claims
and admitting (or waiving) full compliance with all the statutory
steps requisite to the enforcement of these liens. This court is
bound to hold that the quoted recitals of defendant's answer cannot
be construed to supply the missing but essential allegations pre-
requisite to the enforcement of appellants' lien claims against de-
fendant's property.

The court discovers nothing in the record to justify the conten-
tion that Mrs. Burford waived service of notice, nor any basis for
appellants' argument that she was estopped by her pleadings to
raise the question of appellants' failure to allege notice; nor does
the record disclose anything approaching error which would permit
the judgment to be disturbed.

Affirmed.