No. 28,271.

D. M. Hansen, *Appellee,* v. The City of Pittsburg, *Appellant.*

(271 Pac. 286.)

Opinion filed November 3, 1928.

*B. W. Weir, C. S. Denison* and *E. V. Bruce,* all of Pittsburg, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one for personal injuries sustained by plaintiff through falling into a sewer ditch. The defendant appeals from an order overruling a demurrer to plaintiff's petition.

The accident occurred December 1, 1924. The defendant contends that no cause of action was stated against it for more than two years thereafter, when a third amended petition was filed (March 7, 1927). That until the filing of the third amended petition the plaintiff failed to state what his rights were upon defendant's property.

An examination of the several petitions discloses that at no time prior to filing of the third amended petition did the plaintiff allege that at the time of sustaining the injury he was lawfully upon the sewer easement or the right of way of defendant, or that the defendant owed him any duty to have maintained the sewer in a safe condition for his protection, or that the defendant was guilty of any breach of duty which it owed him relative to keeping the sewer ditch

free from dangerous defects or conditions. If the plaintiff was a trespasser or a bare licensee on defendant's right of way he would not be entitled to recover.

"Where the original petition states no cause of action whatever, it will not arrest the running of the statute of limitations, and an amendment made after the bar of the statute is complete must be treated as filed at the time the amendment is made. A cause of action, being stated then for the first time, cannot escape the bar of the statute of limitations by being filed as an amendment." (*Powers v. Lumber Co.*, 75 Kan. 687, syl. ¶ 2, 90 Pac. 254.)

In 29 Cyc. 566 it is said:

"In order to maintain an action based on negligence the declaration or complaint must show the existence of some duty which defendant owed plaintiff, and in addition must allege a breach of such duty. Failure to specifically aver the duty of defendant and the breach should be taken advantage of by demurrer, and the objection cannot be made for the first time in the appellate court.

"The duty of defendant must be shown by a statement of facts from which the duty follows as a matter of law. A mere general allegation of the existence of a duty is insufficient and such general averment is a conclusion of law. Nor will the characterization of an act as negligence supply an omission to allege facts showing omission of duty. Allegations of facts from which the duty arises are sufficient without showing the details, and the manner in which the duty was imposed need not be alleged. An allegation showing invitation is sufficient to show defendant's duty to keep the premises reasonably safe. Where the injury happened on the premises of defendant, the complaint must show that the person or property injured was there by invitation, express or implied." (See, also, 3 Bates Pleading and Practice, 1908 ed. 2268; *Thiele et al. v. McManus*, 3 Ind. App. 132, 28 N. E. 327; *Railway Co. v. Bagley*, 65 Kan. 188, 69 Pac. 189; *Zager v. Railroad Co.*, 113 Kan. 240, 214 Pac. 107.)

We are of opinion that the plaintiff failed to state a cause of action until after the statute had run against him and that the demurrer should have been sustained.

The judgment is reversed and the cause remanded with instructions to sustain defendant's demurrer.