No. 41,302

CLARK LUMBER COMPANY, a Missouri Corporation, *Appellant,* v. ILA J. PASSIG, JOE MALONEY, C. L. PETERS, also known as Lloyd Peters, and MABEL PETERS, his wife, and BLANCHE HUNSAKER, *Appellees,* and RICHARD PEARMAN, *Appellant.*

(339 P. 2d 280)

Opinion filed May 16, 1959.

*Robert F. Stadler,* of Humboldt, argued the cause, and *L. T. Cannon,* also of Humboldt, was with him on the brief for the appellant, Clark Lumber Company.

*J. C. Edwards,* of Iola, was on the brief for the appellant, Richard Pearman.

*Stanley E. Toland,* of Iola, argued the cause, and *Frank W. Thompson,* also of Iola, was with him on the brief for the appellee, Ila J. Passig.

*J. D. Conderman,* of Iola, was on the brief for the appellees, C. L. Peters, Mabel Peters and Blanche Hunsaker.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action in which subcontractors seek to foreclose mechanics' liens for labor and materials supplied in building a house and garage on property in Iola, Kansas. The appeal is taken from orders of the trial court sustaining demurrers to the petition and cross petition of the respective subcontractors and from an order sustaining a motion for judgment on the pleadings.

It is conceded the respective petitions of the subcontractors do not allege that a notice of the filing of the respective liens had been served upon the owner as required by G. S. 1949, 60-1403.

The sole question presented is whether failure to so allege is fatal to the respective causes of action of the subcontractors.

This question has been decided squarely against the appellants in *Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254, which held:

"There is no privity of contract between the subcontractor and the owner, and the former can only obtain a lien by compliance with the statutory provisions. It is not enough that he has furnished the material and filed his lien. The service of notice upon the owner is one of the necessary steps. Without such notice he obtains nothing. The right to claim and enforce his lien being statutory, the action can only be maintained upon a petition alleging a compliance with the statute." (p. 688.)

Subsequent decisions have adhered to the rule in the *Powers* case. (*Baker v. Griffin,* 120 Kan. 448, 243 Pac. 1057; and *Cobb v. Burford,* 121 Kan. 199, 246 Pac. 1009.)

The subcontractors must not only file their lien statements within the time and in the manner provided by the statute (60-1403, *supra*) but this statute also requires that the subcontractors must serve:

". . . a notice in writing of the filing of such a lien upon the owner of the land: *Provided,* That if with due diligence the owner cannot be found in the county where the land is situated, the claimant, after filing an affidavit setting forth such facts, may serve a copy of such statement upon the occupant of the land, or if the land be unoccupied may post such copy in a conspicuous place upon the land, or any building thereon . . ."

Not having alleged service of such notice upon the landowner, the omission of this allegation from the respective petitions of the subcontractors is a fatal omission and error leaving the petitions of appellants insufficient to state a cause of action for the foreclosure of their alleged mechanics' liens.

The subcontractor's right to claim and enforce his lien is statutory and his action can only be maintained upon a petition alleging a compliance with the statute, one of the requisite statutory steps to *create and perfect* such lien being the giving of a written notice to the owner of the property that such lien has been filed. (*Cobb v. Burford,* supra.)

To answer appellants' contentions resort to additional facts is necessary. Ila J. Passig, the owner of property in Iola, Kansas, contracted with Joe Maloney for the construction of a house and garage. The Clark Lumber Company, appellant, furnished labor, material, hardware and merchandise to Maloney, as contractor, for the construction. Richard Pearman, appellant, furnished labor, material and paint to Maloney, as contractor, for the construction.

The Clark Lumber Company filed a petition setting up its lien as a subcontractor alleging that its lien was filed October 30, 1956,

in the office of the clerk of the district court of Allen County, Kansas, within sixty days after the time the last item of materials was furnished and delivered. Pearman, joined as a party defendant below, cross-petitioned alleging his lien was filed October 23, 1956, and within sixty days as required by statute. The allegations of the lumber company's petition and Pearman's cross petition were similar in all respects. Each omitted any reference to notice to Passig of the filing of their respective liens.

After preliminary motions unnecessary to relate, Passig answered these petitions in separate answers, identical in all material respects, stating among other things that she had paid Joe Maloney the sum of $5,333.89 in hard cold cash *before the respective lien claimants had filed their lien statements* and without any knowledge that Maloney was indebted to them, and that such payment was in full payment of all labor and materials furnished in the construction of the house and garage. She further alleged if the lien claimants had or claimed to have any liens on her property they waived their right to such liens by failing to notify her thereof in time so that she could protect herself. By a separate paragraph in each of the answers she *demurred generally* to the petition and cross petition respectively.

After the answers of Passig were filed, the lien claimants replied joining issues. These replies were not filed until January 1958, more than one year after the alleged filing of their liens.

Thereafter, Passig filed a motion for judgment on the pleadings and the trial court at a separate hearing heard argument on the general demurrers of Passig and her motion for judgment on the pleadings. The matters were taken under advisement and following submission of briefs the trial court sustained the demurrers and the motion for judgment on the pleadings. Appeal was duly perfected from these orders by the lien claimants (subcontractors).

The appellants proceed on the assumption that the pleadings disclose Passig paid Maloney the full contract price before the expiration of the statutory time for and prior to the filing of their subcontractors' liens, and that she is not entitled to the protection of the statute and a rigid rule of pleading when she placed herself outside of the protection of the statute by her pre-emptory payment.

Appellants concede their petitions do not contain an allegation concerning the giving of notice to Passig, the landowner, of the filing of their subcontractors' liens. They argue if the express purpose of the statute is to prevent the owner from cutting off these

subcontractors' liens by early payment to the contractor, then equity cannot be served by permitting Passig to seek refuge behind the rule announced in *Powers v. Lumber Co.*, supra. (Citing: *Mercantile Co. v. Investment Co.*, 100 Kan. 597, 165 Pac. 279; *Shellabarger & Leidigh v. Thayer*, 15 Kan. 619; *McCray Lumber Co. v. Terry*, 128 Kan. 529, 278 Pac. 746; and *Bell v. Hernandez*, 139 Kan. 216, 30 P. 2d 1101.)

Appellants' position is well summarized in their brief as follows:

"The Appellants submit that the payment by the Appellee Passig of the contract price to the Appellee Maloney, contractor, before the expiration of the time in which subcontractor's liens could be filed was in direct contravention of the purpose and spirit of the statute and, in addition thereto, was a complete and undoubted waiver of any protection afforded her by the statute; further, by her own action she had placed herself in a position where notice of the filing of the liens, whether given or not, would not protect her from the claims of these subcontractors; and further by paying as she had prior to the expiration of the sixty day period, an allegation in the petition of the giving of timely notice was, indeed, waived by her. Her conduct being such as to constitute a waiver of any notice of the filing of the lien, the Appellee Passig is, therefore, estopped from invoking the rule announced in the Powers case."

On the surface these arguments seem to appeal to reason, yet we reject them as untenable. In the first place, a demurrer to a pleading is considered entirely upon the allegations contained within the pleading under attack and proper exhibits attached thereto. (*Southard v. Mutual Benefit Health & Accident Ass'n*, 177 Kan. 26, 276 P. 2d 299; *Force v. Bates*, 177 Kan. 438, 280 P. 2d 584; and *Robinson v. Muller*, 181 Kan. 150, 309 P. 2d 651.) The facts alleged in the answers of Passig are not entitled to any consideration in ruling demurrers directed against the petitions of the respective lien claimants.

A demurrer admits all facts well pleaded in the petition, but does not permit examination of facts beyond the written allegations of the pleading itself. (*Anderson Cattle Co. v. Kansas Turnpike Authority*, 180 Kan. 749, 308 P. 2d 172; and *Beyl v. Capper Publications, Inc.*, 180 Kan. 525, 305 P. 2d 817.)

Appellants rely upon *Cobb v. Burford*, supra, particularly Syllabus ¶ 2 and the corresponding portion of the opinion, as indicating that the *Powers* case may be subject to modification. The lien claimants there argued the owner's answer supplied the required allegation of service of notice which was omitted from their answers and cross petitions. The court gave serious consideration to the

argument but held "the quoted recitals of defendant's answer cannot be construed to supply the missing but essential allegations prerequisite to the enforcement of appellant's lien claims against defendant's property." The posture in which the question there appeared before the court was quite different than what we have presented in the instant case. There were no demurrers to the defective pleadings of the lien claimants in the *Cobb* case, and the case went to trial upon issues joined by the pleadings. The question first arose upon an objection to the *introduction of evidence* by the lien claimants which was sustained on the ground that they had failed to include in their cross petition an allegation that notice had been served upon the owner of the premises, notifying her that a mechanic's lien had been filed against her property, and because more than one year had passed from the date of the said filing at the time of the trial of the action. Under such circumstances the court upon appeal looked beyond the pleadings of the lien claimants to see if the answer of the owner of the premises had in fact supplied the missing but essential allegations. The court, however, discovered nothing to justify the contention that the owner had waived service of notice, nor any basis for appellants' argument that the owner was estopped by her pleadings to raise the question of appellants' failure to allege notice.

Though not raised by the appellants, it must be observed a situation somewhat analogous on the surface is presented where a demurrer to the plaintiff's evidence is overruled and the defendant does not stand on his demurrer but presents his evidence, which supplies the missing essentials in the plaintiff's evidence. Under these circumstances the defendant can no longer take advantage of the missing essentials in the plaintiff's evidence. This situation has given rise to the pronouncement of the rule in *Ziegelasch v. Durr*, 183 Kan. 233, 326 P. 2d 295; and *Ogilvie v. Mangels*, 183 Kan. 733, 332 P. 2d 581.

The appellants at no point challenged the demurrers of the appellee Passig on the ground that they were filed as a part of her answers. Under these circumstances we find nothing in the authorities of this jurisdiction to indicate that appellee Passig by so doing should be considered as having waived or having abandoned the demurrers. (See 41 Am. Jur., Pleading, § 210, pp. 440 and 441; and 71 C. J. S., Pleading, § 250 a and c, pp. 482 to 484.) In *Butcher v. The Bank of Brownsville*, 2 Kan. 70, 83 Am. Dec. 446, the court stated:

"We do not propose to comment on the rule of Court requiring demurrers and answers to be filed at the same time. It is manifestly a bad rule, but by conforming to it without excepting, the plaintiff can take no advantage of it, save that it repels the inference that by filing his answer the defendant waives his demurrer . . ." (p. 82.)

For some discussion on the point in an article by James M. Mc-Dermott, see Kansas Judicial Council Bulletin, October, 1948, p. 40, at pp. 44 and 45. See also *Wharton v. Zenger*, 162 Kan. 69, 73, 174 P. 2d 103.

Upon all the facts and circumstances presented by this record the trial court was required to rule the demurrers before the issues raised by the answers became material to the lawsuit, and in so doing, facts beyond the written allegations of the pleading under attack were not entitled to consideration, even though the general demurrer was included as a separate paragraph in an answer to the pleading attacked.

We therefore hold the essential but missing allegation of service of notice from the petitions of the respective lien claimants cannot, as against a demurrer, be supplied by alleged waiver or estoppel claimed to exist in some other pleading.

Equitable considerations do not ordinarily give rise to a mechanic's lien. (For an exception see the recent case of *Adair v. Transcontinental Oil Co.*, 184 Kan. 454, 338 P. 2d 79.) Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. It has been said a lien claimant must secure a lien under the statute or not at all. (*Doane v. Bever*, 63 Kan. 458, 65 Pac. 693.) The vitality of a lien created solely by statute depends on the terms of the statute, and parties may not by estoppel enact or enlarge a statute. *Spalding Lumber Co. v. Slusher*, 121 Kan. 155, 246 Pac. 999; and see cases cited therein.)

It has been held that a motion for judgment on the pleadings is the equivalent of a demurrer, and in ruling on such a motion all well-pleaded facts in the adversary's pleadings must be favorably construed and all pleadings of the moving party must be left out of consideration. (*Hirt v. Bucklin State Bank*, 153 Kan. 194, 109 P. 2d 171; see also *Smith v. Harris*, 178 Kan. 183, 284 P. 2d 611; and *Ewing v. Pioneer Nat'l Life Ins. Co.*, 158 Kan. 371, 147 P. 2d 755.)

Under the circumstances here presented the only pleadings en-

titled to consideration by the trial court in ruling the motion for judgment on the pleadings were the petition and cross petition of the respective lien claimants.

It was apparent to the trial court from these petitions that more than one year had elapsed since the filing of the respective liens in the case at bar at the time it ruled the demurrers. It was, therefore, obvious the appellants could not amend their respective petitions to state a cause of action because the statute of limitations had run against them. (G. S. 1949, 60-1405.) This court in the case of *Thomasson v. Kirkpatrick,* 174 Kan. 52, 254 P. 2d 329, in speaking of the *Powers* case, said:

"In the Powers case the petition to foreclose the mechanic's lien did not allege that a written notice of the filing of the lien had been served upon the owner of the land. More than a year after the filing of the mechanic's lien plaintiff, by leave of court, amended the petition to allege the giving of such notice. It was held this was error. This is in harmony with many decisions of our court holding that a petition which does not state a cause of action cannot be amended after the statute of limitations has run and have the amendments relate back to the time of the filing of the original petition." (p. 56.)

It follows that the trial court properly sustained the demurrers to the petitions of the respective lien claimants and did not err in entering judgment for the appellee Passig.

The judgment of the trial court is affirmed.

FATZER, J., concurs in the result.