No. 41,844

WILLIAM B. JONES et al., *Plaintiffs,* v. FRANCIS LUSTIG and MARGUERITE LUSTIG, *Appellees;* MICHAEL ZUK, Doing Business As Rockhurst Plumbing and Heating Company, *Intervenor-Appellant;* and BERNARD GOLDSTONE et al., *Defendants.*

(341 P. 2d 1018)

Opinion filed July 10, 1959.

*George A. Lowe,* of Olathe, argued the cause, and *Roy S. Lowe* and *Roy G. Lowe,* both of Olathe, were with him on the briefs for the appellant.

*Roy W. Cliborn,* of Mission, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action in which subcontractors sought to foreclose mechanics' liens for labor and materials supplied in the construction of a dwelling house.

Appellees, Francis and Marguerite Lustig, were the owners of the property on which the improvements were erected. Defendant Bernard Goldstone was appellees' contractor. Appellant, Michael Zuk, a subcontractor, doing business as Rockhurst Plumbing and Heating Company, filed his cross petition alleging that he furnished labor and material, in a specified amount, for the construction of the dwelling, and that he filed his mechanic's lien statement with the clerk of the district court within the statutory time. His cross petition further alleged that he served notice in writing of the filing of his mechanic's lien, together with a copy of lien statement, on one A. J. Granoff, who was at the time the agent and attorney for the appellees, and that said Granoff had authority to act on behalf of the Lustigs with respect to the property involved and to accept and receive for and on behalf of them all documents, instruments and matters pertaining to said property, including a copy of a notice of the mechanic's lien filed by appellant.

From an order of the trial court sustaining appellees' demurrer to appellant's cross petition on the ground he failed to allege service of notice in writing of the filing of his lien on the Lustigs, the owners of the property in question, appellant appeals.

Appellant contends the service of notice was sufficient, in that Granoff was appellees' agent and attorney and service upon him was, therefore, notice to appellees; that the appellees are estopped from raising the question of valid service of notice due to the fact Granoff asked appellant to serve the notice upon him instead of on appellees. Appellees contend the creation of a mechanic's lien is statutory and the statute must be strictly followed; that gaps in following statutory procedure cannot be bridged by estoppel.

The sole quesion presented for our determination is whether the service by appellant of the written notice of the filing of the mechanic's lien on Granoff, as agent and attorney for appellees, met the requirements of our statute.

Our mechanic's lien statute, G. S. 1949, 60-1403, provides:

"Any person who shall furnish . . . material, or perform . . . labor . . ., under a subcontract with the contractor, . . . may obtain a lien upon such land . . ., for the amount due him for such material and labor, . . ., by filing with the clerk of the district court of the county in which the land is situated, . . . a statement verified by affidavits setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practical, the name of the owner, the name of the contractor, the name of the claimant and a description of the property upon which a lien is claimed; *and by serving a notice in writing of the filing of such a lien upon the owner of the land: Provided,* That if with due diligence the owner cannot be found in the county where the land is situated, the claimant, after filing an affidavit setting forth such facts, may serve a copy of such statement upon the occupant of the land, or if the land be unoccupied may post such copy in a conspicuous place upon the land, or any building thereon." [Emphasis supplied.]

It is conceded that appellant was a subcontractor and that he served no notice of the filing of his lien upon the appellee landowners personally. The question here presented has been long laid at rest in this jurisdiction. Our last pronouncement on this question is to be found in *Clark Lumber Co. v. Passig,* 184 Kan. 667, 339 P. 2d 280, wherein we stated, in quoting with approval *Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254:

"There is no privity of contract between the subcontractor and the owner, and the former can only obtain a lien by compliance with the statutory provisions. It is not enough that he has furnished the material and filed his lien. The service of notice upon the owner is one of the necessary steps. Without such notice he obtains nothing. The right to claim and enforce his lien being statutory, the action can only be maintained upon a petition alleging a compliance with the statute. (p. 688.)"

Other decisions which have adhered to the mentioned rule are *Baker v. Griffin,* 120 Kan. 448, 243 Pac. 1057; *Cobb v. Burford,* 121 Kan. 199, 246 Pac. 1009; *Lumber Co. v. Dettinger,* 110 Kan. 114, 202 Pac. 622.

Appellant's right to enforce his lien was statutory and his action could have only been maintained upon a petition alleging compliance with the statute; one of the prerequisites of the statute to create and perfect such lien being the giving óf a written notice to the *owners* of the property that such lien had been filed. (*Clark Lumber Co. v. Passig,* supra.)

In *Lumber Co. v. Dettinger,* supra, the lien claimant relied upon service of notice of filing his lien statement upon the owner's husband, who was also her guardian, she being confined in the state

hospital at Topeka. We held that notice served upon the husband-guardian was not notice to the owner, and stated:

"The statute requires notice in writing of the filing of the lien statement to be served on the owner of the land. If the owner cannot with due diligence be found in the county, a substitute for personal service may be resorted to.' After the filing by the claimant of an affidavit stating the facts, notice may be served on the occupant of the land, or if there be no occupant, by posting in a conspicuous place on the land. . . . J. A. Surplus was not owner of the land, either in his individual or in his representative capacity. Notice to him as owner was not notice which affected him as guardian, or which affected his ward or her estate, and the indispensable statutory requirement of notice to the owner was wanting."

Where the statute requires service on the owner of the notice of the filing of a mechanic's lien, the statutory language must be literally observed and notice must be served upon the owner himself. (36 Am. Jur., Mechanics' Liens § 128.) Our statute does not provide for service of the notice upon an alleged agent or attorney of the owner. In *Clark Lumber Co. v. Passig*, supra, 673, we said:

"Equitable considerations do not ordinarily give rise to a mechanic's lien. (For an exception see the recent case of *Adair v. Transcontinental Oil Co.*, 184 Kan. 454, 338 P. 2d 79.) Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. It has been said a lien claimant must secure a lien under the statute or not at all. (*Doane v. Bever*, 63 Kan. 458, 65 Pac. 693.) The vitality of a lien created solely by statute depends on the terms of the statute, and parties may not by estoppel enact or enlarge a statute. (*Spalding Lumber Co. v. Slusher*, 121 Kan. 155, 246 Pac. 999; and see cases cited therein.)"

In view of what has been said, the judgment of the trial court is affirmed. It is so ordered.