No. 46,339

Leo R. Rounsavell, d/b/a Rounsavell Tank Service, *Appellee,* v. Alvin E. Tipton, *Appellant;* Vernon Steinert, d/b/a Steinert Oil Company, *Appellee.* Leo R. Rounsavell, d/b/a Rounsavell Tank Service, *Appellee,* v. Alvin E. Tipton; Karl M. Herman; Elizabeth F. Herman; William B. Fullerton, Jr.; Ruby Elizabeth Fullerton; Hugh G. Graff; Suzanna J. Graff; G. E. DeBacker, Sr.; Mildred DeBacker; Ray C. Gremli, Sr.; Alicia G. Gremli; Floyd L. Snyder, Jr., *Appellants;* Vernon Steinert d/b/a Steinert Oil Company, *Appellee.* Vernon Steinert, d/b/a Steinert Oil Company, *Appellee,* v. D. M. Erbert and Harold W. Bain, *Appellants.* Vernon Steinert, d/b/a Steinert Oil Company, *Appellee,* v. Harold Erbert; John M. Vorse, and Louise L. Vorse, *Appellants.*

(497 P. 2d 108)

Opinion filed May 6, 1972.

*Clayton S. Flood, Donald L. Martin, Richard D. Coffelt* and *Steven P. Flood,* of Hays, were on the brief for the appellants.

*Robert E. Southern,* of Great Bend, was on the brief for appellee Leo R. Rounsavell, d/b/a Rounsavell Tank Service, and *Hugh D. Mauch,* of Great Bend, was on the brief for appellee Vernon D. Steinert, d/b/a Steinert Oil Company.

*Per Curiam:* This appeal consolidates four separate *in rem* actions seeking to foreclose oil and gas liens for labor and materials used in drilling test wells in Ellis County. The trial court entered judgment foreclosing the liens and the leasehold owners have appealed. The parties will be referred to herein as plaintiffs and defendants.

The owners of the various leaseholds present three questions on appeal. However, we deem it necessary to reach only the first point raised, which relates to the question of service. The issue is present in all four cases.

The parties agree that the lien claimants are subcontractors and that notice of their liens must be given in accordance with K. S. A. 60-1103 (*a*), as amended. (See K. S. A. 1969 Supp. 60-1103 *a.*) They further agree that notice was given in each case by mailing a copy of the lien statement by certified mail, return receipt re-

quested. The defendants contend that notice given in this manner is insufficient under 60-1103 (a) and herein lies the first dispute.

K. S. A. 1969 Supp. 60-1103 (a) (which has since been amended) provides, so far as material to this lawsuit, as follows:

". . . The claimant shall either cause a copy of the lien statement to be served personally upon the owner and any party obligated to pay the same in the manner provided for the service of summons . . . or shall mail a copy of the lien statement to the owner of the property and to any party obligated to pay the same by *restricted registered or certified mail*, or if the address of the owner or such party obligated to pay the same is unknown, and cannot with reasonable diligence be ascertained, a copy of the lien statement shall be posted in a conspicuous place on the premises." (Emphasis added.)

The heart of the defendants' argument is that service by *unrestricted* certified mail does not comply with the command of the statute; that whenever notice is given by mail, either registered or certified, the mail must be restricted. The plaintiffs' response is that the requirement of restricted mail applies only when the notice is sent by mail which is registered, and not by mail which is certified.

We find restricted mail defined in K. S. A. (now K. S. A. 1971 Supp.) 60-103, the statute having been amended in 1970 as to a matter not here material. The statute reads as follows:

"The term 'restricted mail' as used in this chapter means mail which carries on the face thereof in a conspicuous place, where it will not be obliterated, the endorsement 'deliver to addressee only' and which also requires a return receipt or a statement by the postal authorities that the addressee refused to receive and receipt for such mail."

The court is persuaded by the logic of defendants' position. It is our view that in the phrase "restricted registered or certified mail" the adjective *restricted* applies to mail which is either registered or certified; that it modifies both registered and certified mail. Any other construction appeals to us as illogical. No reason is suggested for requiring restricted delivery in the case of registered mail but not requiring restricted delivery in case of certified mail.

We are fortified in our view by Judge Gard's comments found in Gard, Kansas Code of Civil Procedure, § 60-103, p. 3:

"The definition of 'restricted mail' is necessary because of the several places in Chapter 60 where the term is used in connection with process or the giving of other notice. The phrase finds a common ground of definition whether

registered or certified mail is used. Both are adaptable to the definition by the postal regulations. The important thing is the requirement of restricted delivery, thus substituting for reliance on the presumption of delivery the sureness of proof by the return receipt, or, that which is the equivalent of delivery, certification of tender of delivery and refusal by the addressee. This is in keeping with the policy of the new code to require actual notice whenever it is possible to give it as essential to a just and expeditious disposition of the proceedings."

It has long been the rule in this jurisdiction that a mechanic's lien is purely a creature of statute; that there is no privity of contract between subcontractor and owner; that the former can obtain a lien only by compliance with the statutory provisions; that it is not enough that the claimant has furnished material and filed his lien, but service of notice upon the owner is one of the necessary steps to obtain a lien; and that without such notice a claimant obtains nothing. (See *Potter v. Conley*, 83 Kan. 676, 112 Pac. 608; *Bridgeport Machine Co. v. McKnab*, 136 Kan. 781, 18 P. 2d 186; *Jones v. Lustig*, 185 Kan. 208, 341 P. 2d 1018, *D. J. Fair Lumber Co. v. Karlin*, 199 Kan. 366, 430 P. 2d 222.) These cases are controlling on the issue presented here.

The judgments entered in the court below are reversed with directions that judgments be entered in favor of the respective defendants.

It is so ordered.