No. 49,772

STATE OF KANSAS, *Appellant,* v. RUTH L. CALHOUN, *Appellee.*

(581 P.2d 397)

Opinion filed July 21, 1978.

*Richard Ballinger,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellant.

*T. L. O'Hara,* of Warner, Bailey, O'Hara, Busch & O'Hara, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Defendant, Ruth L. Calhoun, was charged with the offense of giving a worthless check, in violation of K.S.A. 21-3707. At the close of the preliminary hearing, the trial court sustained defendant's motion to dismiss. The state appeals.

The sole issue is whether sending of a notice by certified mail was "notice" under K.S.A. 21-3707.

The check was written by the defendant and was taken by a Safeway store in Wichita on August 14, 1977. It was deposited on the following day, and thereafter it was returned to Safeway, marked "Insufficient Funds." The store manager attempted to contact the defendant by telephone, but was unsuccessful. A Safeway security officer then sent a letter to the defendant by regular mail; there was no response. Next a notice was sent to the defendant by certified mail, addressed to her at the address shown on the check. Restricted Delivery (show to whom and date delivered) was requested. The return receipt shows that the certified mail was delivered to James Eckleford on September 16, 1977.

K.S.A. 21-3707 reads as follows:

"(1) Giving a worthless check is the making, drawing, issuing or delivering or causing or directing the making, drawing, issuing or delivering of any check, order or draft on any bank or depository for the payment of money or its equivalent with intent to defraud and knowing, at the time of the making, drawing, issuing or delivering of such check, order or draft as aforesaid, that the maker or drawer has no deposit in or credits with such bank or depository or has not sufficient funds in, or credits with, such bank or depository for the payment of such check, order or draft in full upon its presentation.

"(2) In any prosecution against the maker or drawer of a check, order or draft payment of which has been refused by the drawee on account of insufficient funds, the making, drawing, issuing or delivering of such check shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank or depository, providing such maker or drawer shall not have paid the holder thereof the amount due thereon and a service charge not exceeding three dollars ($3) for each check, within seven (7) days after notice has been given to him that such check, draft, or order has not been paid by the drawee. The word 'notice,' as used herein, shall be construed to include notice to the person entitled thereto given orally as well as notice given to such person in writing. Notice in writing shall be presumed to have been given when deposited as restricted matter in the United States mail, addressed to the person to be charged with notice at his address as it appears on such check, draft or order.

. . . . . . . . . . . . . . . .

"(4) Giving a worthless check is a class E felony if the check, draft or order is drawn for fifty dollars ($50) or more. Giving a worthless check is a class A misdemeanor if the check, draft or order is drawn for less than fifty dollars ($50)."

Pertinent postal regulations, as set forth in the 1977 Postal Service Manual, which is incorporated by reference into the Code of Federal Regulations, 39 CFR § 111.1, provide as follows:

"154.17 RESTRICTED DELIVERY
"Registered, certified, numbered insured, and COD mail which the sender has restricted in delivery to the addressee only may not be delivered to any other person except as provided in 165.34.
"165.34 PROCEDURES AT OFFICE OF DELIVERY
".341 Mail marked *Restricted Delivery* will be delivered only to the addressee or to the person he specifically authorizes in writing to receive restricted delivery mail.
"a. Addressees who regularly receive restricted delivery mail may authorize an agent by use of Form 3801, *Standing Delivery Order,* or by a letter to the postmaster. These authorizations are for post office records. The notation, *This authorization is extended to include Restricted Delivery Mail* must be made by the addressee on the part of the Form 3801 provided for signature of authorized agents.
"b. Form 3849-A, *Delivery Notice or Receipt,* may be left for this authorization if the post office has no standing delivery order or letter on file. On the back of the form the addressee may enter the name of the person designated in the *Deliver Article to* block and sign and date the authorization. The agent must sign for receipt of the article on the front of the form in the normal manner.
"c. Proof of identification should be required of the addressee (or agent) if not known by the delivery employee when restricted delivery mail is delivered.
".347 The endorsements *Deliver to Addressee Only* or *Deliver to Addressee or Order* are obsolete. Any mail bearing such endorsements will be handled in accordance with the procedures prescribed for *Restricted Delivery* mail."

The content of the notice mailed is not challenged; the sole issue is whether the manner in which it was mailed meets the statutory criteria. We hold that it does. The notice was sent by certified mail and delivery was restricted. Thus it was "deposited as restricted matter in the United States mail." It was addressed to the person to be charged with notice, the defendant, at her address as it appears on the check.

The rebuttable presumption provided by the statute arises when such a showing is made. The trial court erred in dismissing the complaint. The judgment is reversed, with directions to proceed with trial.