(583 P.2d 1038)
No. 49,402

STATE OF KANSAS, *Appellee,* v. ALFONZO J. FISHER, *Appellant.*

Opinion filed September 15, 1978.

*Daniel J. Sevart,* of Render & Kamas, of Wichita, for appellant.

*Harold C. Pickler,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, for appellee.

Before ABBOTT, P.J., REES and SWINEHART, JJ.

ABBOTT, J.: This is an appeal from a conviction of the offense of giving a worthless check in violation of K.S.A. 21-3707.

Although defendant raises a number of issues, when analyzed they condense into three:

Whether the notice was properly "deposited as restricted matter in United States mail" as required by K.S.A. 21-3707;

If not properly deposited, whether the trial court erred in instructing the jury on the statutory presumption that arises as a result of the failure to pay the holder the amount due on the instrument as set forth in K.S.A. 21-3707; and

Whether a *prima facie* case was established if the statutory presumption is not applicable.

The check was written by defendant and accepted by K-Mart in Wichita in payment for merchandise on March 5, 1977. It was deposited in the regular course of business and returned by the bank because of "insufficient funds." An effort to contact de-

fendant by telephone was unsuccessful. A notice was then mailed by certified mail to defendant.

The notice was returned to K-Mart by the post office marked "Unclaimed." The envelope indicated that notice was sent to the defendant by the post office on two occasions and that "no response" was received. What the postal department notice to the defendant stated is not in the record. We note, however, that only fifteen cents postage was placed on the envelope, and the fact that eighty-three cents postage was due is clearly and prominently shown on the face of the envelope. It would appear that defendant received a notice from the post office that he had a certified letter with eighty-three cents postage due and upon payment of that sum he could pick up the letter at the post office.

We are not unmindful that since July 1977, postal regulations provide that mail having insufficient postage will be returned to the sender without giving the addressee an opportunity to pay the postage due and obtain the article. Any notice mailed pursuant to K.S.A. 21-3707 after June 1977 bearing insufficient postage, and not actually delivered, would not meet due process requirements, as there would be no rational basis for the statutory presumption of notice. K.S.A. 21-3707, by implication, requires that the notice be deposited as restricted matter in the United States mail with all postage and fees prepaid. Other jurisdictions have held that sufficient prepaid postage is a required element of notice by mail. (See *Wasden v. Foell*, 63 Idaho 83, 117 P.2d 465 [1941]; *Goodman v. Jones*, 102 Ariz. 532, 433 P.2d 980 [1967]; *United States v. Continental Casualty Co.*, 245 F. Supp. 871 [E.D. La. 1965].) Although the notice in this case was not mailed as "restricted delivery" matter, we conclude that the mailing of a notice by certified mail, restricted delivery, with insufficient postage, addressed to the maker of a check at the address shown thereon and which is not actually delivered to the maker of the check, is insufficient to raise the rebuttable presumption provided by K.S.A. 21-3707.

Of equal importance is the fact that the notice was not deposited as restricted matter in the United States mail. A notice sent by certified mail restricting delivery to the addressee only with a return receipt requested showing to whom and the date delivered has been held sufficient to raise the rebuttable presumption provided by K.S.A. 21-3707. (*State v. Calhoun*, 224 Kan. 579, 581 P.2d 397 [1978].)

In *Calhoun,* the record disclosed that the sender was given four options concerning delivery and the type of receipt to be returned to the sender. The options were as follows:

1. Show to whom and date delivered;
2. Show to whom, date, and address of delivery;
3. RESTRICTED DELIVERY. Show to whom and date delivered; and
4. RESTRICTED DELIVERY. Show to whom, date, and address of delivery.

The sender marked the third option.

In this case, an outdated certified mail form was used. Four options were given as follows:

1. Show to whom and date delivered;
2. Show to whom, date, and address of delivery;
3. DELIVER ONLY TO ADDRESSEE and show to whom and date delivered; and
4. DELIVER ONLY TO ADDRESSEE and show to whom, date, and address of delivery.

The first option was checked.

The 1977 Postal Service Manual, which is incorporated by reference in 39 C.F.R. § 111.1, provides in pertinent part at section 154.17 that certified mail which the sender has restricted in delivery to the addressee only may not be delivered to any other person *except as provided in 165.34. Section 165.347* provides that where the obsolete endorsement of "Deliver to Addressee Only" is used, the article would be handled as "Restricted Delivery" mail.

The notice given *was not deposited as restricted matter* in the United States mail, and in the absence of evidence that the notice was received by the defendant, the rebuttable presumption provided by the statute did not arise and the trial court erred in so instructing the jury.

Defendant's objection to the erroneous instruction was on the ground that the jury should also be instructed as to the effect of the presumption and that it was rebuttable. Defendant now contends that since the required notice was not properly restricted, did not have sufficient postage, and was not delivered to the defendant, it was error for the court to instruct on the presumption. Defendant failed to state distinctly the matter to which

he objected and the grounds for his objection as required by K.S.A. 22-3414(3), and he may not assign the giving of instruction number three as error unless it is clearly erroneous. (*State v. Worth,* 217 Kan. 393, 395, 537 P.2d 191 [1975], *cert. denied,* 423 U.S. 1057, 46 L.Ed.2d 647, 96 S.Ct. 792 [1976].)

While it is true that an instruction is not clearly erroneous when it correctly states the law and does not mislead the jury (*State v. Powell,* 220 Kan. 168, 551 P.2d 902 [1976]), the instruction here was clearly misleading as there was no evidence to support the presumption arising from K.S.A. 21-3707. A question asked by the jurors would indicate they were confused by instruction number three. One defense offered by the defendant was that he had informed the payee he did not have sufficient funds to cover the check. During jury deliberations, a written message from the jury inquired as follows:

"If he [defendant] informed payee [K-Mart] that maker [defendant] did not have sufficient funds to cover check does this absolve him from provision in No. 2 that says intent to defraud follows failure to pay within 7 days after notice?"

The court answered the question in writing as follows:

"The Court has instructed you on the law, and your question is a question of fact for you to determine. The intent to defraud is one of the five elements in Instruction No. 4, and the other is a defense."

The instruction was clearly erroneous in that there was no evidence to support it, and it resulted in substantial prejudice to the defendant which requires a new trial.

Defendant raises one additional point that requires comment. Defendant contends that without the statutory presumption of intent to defraud and knowledge of insufficient funds to cover the check, defendant's motion to acquit at the close of the state's case should have been granted.

In passing upon a motion for judgment of acquittal, a trial judge, giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact, must determine whether upon the evidence a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If the trial judge so finds, he must deny the motion and let the jury decide the case. (*State v. Jones,* 222 Kan. 56, 563 P.2d 1021 [1977].) Evidence was presented that defendant was the only person authorized to draw checks on the account. On the day the check in question was written for $102.88, the account had $2.62

in it and it continued to show a balance of $2.62 until the bank closed it eighteen days after the check was written. That by itself would establish a *prima facie* case of defendant's intent to defraud and knowledge of the fact that he had insufficient funds in the account at the time the check was drawn to pay the same. Therefore, the trial judge correctly denied the motion for a judgment of acquittal.

Reversed and remanded for a new trial.