(620 P.2d 1167)

No. 50,746

KOPP'S RUG COMPANY, INC., *Plaintiff*, v. ALLEN TALBOT, ESTHER TALBOT, and CAPITOL FEDERAL SAVINGS & LOAN ASSOCIATION, *Defendants-Appellants*, and MIDWEST HEATING & COOLING, INC., and DISTRIBUTORS, INC., *Defendants-Appellees.*

Opinion filed December 12, 1980.

*Joe L. Norton*, of Breyfogle, Gardner, Davis & Kreamer, of Olathe, for appellants.

*Joseph Y. Holman*, of Sheppard & Holman, of Prairie Village, for appellee Midwest Heating & Cooling, Inc.

*Joe B. Vise*, of Shawnee, for appellee Distributors, Inc.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is an appeal by homeowners Allen Talbot and Esther Talbot from a judgment foreclosing mechanics' liens in

favor of Midwest Heating & Cooling, Inc., and Distributors, Inc., appellees.

The Talbots contracted to have a home built, and upon its completion they paid the contractor. The contractor did not pay the subcontractors. The subcontractors filed and subsequently foreclosed their mechanics' liens. The Talbots appeal from the decision of the trial court.

The Talbots contend that the lien statement of Midwest Heating & Cooling (Midwest) was not reasonably itemized as required by K.S.A. 60-1102(*a*)(4). They further contend that both lienholders failed to comply with K.S.A. 60-1103(*a*) (since amended) in that the notices of liens were not sent by "restricted mail" as defined by K.S.A. 60-103, which requires the sender to request that the postal authorities show the address where the mail was delivered.

The notice requirements for mechanics' liens are contained in pertinent part in K.S.A. 60-1103(*a*):

"The claimant shall either cause a copy of the lien statement to be served personally upon the owner and any party obligated to pay the same in the manner provided for the service of summons within the state by K.S.A. 60-304 . . . or shall mail a copy of the lien statement to the owner of the property and to any party obligated to pay the same by *restricted* registered or certified mail, or if the address of the owner or such party obligated to pay the same is unknown, and cannot with reasonable diligence be ascertained, a copy of the lien statement shall be posted in a conspicuous place on the premises." Emphasis added.

In *Rounsavell v. Tipton*, 209 Kan. 366, 367, 497 P.2d 108 (1972), the Supreme Court held that the definition of "restricted registered or certified mail" was to be found in K.S.A. 60-103. That statute states:

"The term 'restricted mail' as used in this chapter means mail which carries on its face the endorsements 'return receipt requested showing address where delivered' and 'deliver to addressee only' and for which the appropriate fees have been paid upon mailing for the processing of mail so endorsed in accordance with the regulations of the postal department, except that mail on which the addressee is not a natural person or persons the endorsement 'deliver to addressee only' may be omitted."

The Talbots complain that the lien statements here were mailed only with the endorsement "return receipt requested," that the endorsement failed to include the phrase "showing address where delivered." This technical miscue is substantiated by the record on appeal. Relying heavily on the strict compliance rules

regarding notice of mechanics' liens found in *Rounsavell v. Tipton* and *Schwaller Lumber Co., Inc. v. Watson,* 211 Kan. 141, 505 P.2d 640 (1973), the Talbots argue that neither Midwest nor Distributors has a valid lien on the Talbot home. Language found in *Rounsavell* is illustrative of their position:

"It has long been the rule in this jurisdiction that a mechanic's lien is purely a creature of statute; that there is no privity of contract between subcontractor and owner; that the former can obtain a lien only by compliance with the statutory provisions; that it is not enough that the claimant has furnished material and filed his lien, but service of notice upon the owner is one of the necessary steps to obtain a lien; and that without such notice a claimant obtains nothing." 209 Kan. at 368.

A plaintiff has the burden of showing that it has perfected a mechanic's lien. *Holiday Development Co. v. Tobin Construction Co.,* 219 Kan. 701, 549 P.2d 1376 (1976). Although the Kansas Supreme Court has liberally construed K.S.A. 60-1101 *et seq.* after a lien has attached, it has consistently held that a mechanic's lien can be acquired only in the manner and upon the conditions prescribed in the statute. *D. J. Fair Lumber Co. v. Karlin,* 199 Kan. 366, 371, 430 P.2d 222 (1967).

The homeowners in this case have stipulated that they received and signed for the notice at the address shown on the return receipt. In both cases relied on by the homeowners, the notices were sent by certified, not restricted, mail.

As we understand the purpose of K.S.A. 60-103 (see author's comment in Gard's Kansas C. Civ. Proc. § 60-103 [1963] cited with approval in *Rounsavell v. Tipton,* 209 Kan. at 367), it is that the restricted notice requirement replaces the presumption of delivery with the sureness of proof by the return receipt. The law does not require a useless act that in no way would have changed the notice actually given. Once the lienholder checked the instruction box that he did on the postal form attached to the envelope containing the notice, postal regulations required that the notice be delivered and the information returned in the same way as the postal department would have handled the delivery and return receipt if the statutory language had been placed on the face of the envelope. In determining statutory purpose, this Court is not bound by an examination of the language alone, but may inquire into the reasons which impelled the statute's adoption and the objective sought to be obtained. *State, ex rel., v. City of Overland Park,* 215 Kan. 700, 527 P.2d 1340 (1974). We further

note K.S.A. 60-103 speaks of sending restricted mail in accordance with the regulations of the postal department.

We deem this case analogous to *Rodack v. State Highway Comm'n,* 225 Kan. 343, 591 P.2d 630 (1979). There the Court held that a notice which was required under K.S.A. 1978 Supp. 68-419(*a*) to be served on the secretary of transportation either in person or by registered or certified mail substantially complied with the statute even though it was not served on the secretary of transportation in person or by registered or certified mail. The notice was served on the chief attorney who was authorized by the secretary of transportation to handle the case. Although the question in *Rodack* is not identical to the question in this case, the principles are the same, and both statutes are frequently said to be strictly construed inasmuch as a cause of action can be acquired in both instances only in the manner and upon the condition prescribed in the statute. *D. J. Fair Lumber Co. v. Karlin,* 199 Kan. at 371.

We are also cognizant of *State v. Calhoun,* 224 Kan. 579, 581 P.2d 397 (1978), where it was held that even though the statute in question required a restrictive endorsement, the absence of a restrictive endorsement was not fatal when postal regulations required the same end result. *Calhoun* dealt with a presumption of intent in a criminal case; as a general rule, criminal statutes are strictly construed against the State (*State v. Mauldin,* 215 Kan. 956, 529 P.2d 124 [1974], and cases cited therein at 959), and it would seem reasonable to find that the notice here was no less adequate. We conclude that the service of notice of the mechanics' liens sufficiently complied with K.S.A. 60-1103.

Yet another reason exists to affirm, and that is that the statute has been amended and now notice is deemed to have been given if it is proved that the person to be served actually received a copy of the lien statement. We deem the amendment procedural only and thus it may be applied retroactively. The parties have stipulated that actual notice was received by the two lienholders, thus notice is sufficient.

The law relating to retroactive application of statutory amendments was recently set out in *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979):

"The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it

operate retrospectively. *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 568, 552 P.2d 998 (1976); *Johnson v. Warren,* 192 Kan. 310, 314, 387 P.2d 213 (1963); *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 217, 152 P.2d 860 (1944). A number of cases declare that the preceding rule mandates that a statute is not to be given retrospective application unless the intent of the legislature is 'clearly' and 'unequivocally' expressed. *Lyon v. Wilson,* 201 Kan. 768, 443 P.2d 314 (1968); *In re Estate of Brown,* 168 Kan. 612, 215 P.2d 203 (1950); *International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 30 P.2d 311 (1934); *Barrett v. Montgomery County,* 109 Kan. 685, 201 Pac. 1098 (1921); *Douglas County v. Woodward,* 73 Kan. 238, 84 Pac. 1028 (1906). This rule of statutory construction is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties. . . .

. . . .

"The general rule of statutory construction just discussed is modified, however, where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. *Crow v. City of Wichita,* 222 Kan. 322, 566 P.2d 1 (1977); *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. at 569; *Lyon v. Wilson,* 201 Kan. at 768. The rule is stated in *Jones v. Garrett,* 192 Kan. 109, 386 P.2d 194 (1963), as follows:

" 'It is the law of this state that a statute which merely changes a remedy is not invalid, as there are no vested rights in any particular remedy. While generally statutes will not be construed to give them retroactive application unless it appears that such was the legislative intent, nevertheless *when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted,* unless there is a saving clause as to existing litigation.' (p. 115.)" Emphasis added. 225 Kan. at 290-91.

In *Jones v. Garrett,* 192 Kan. 109, 114-15, 386 P.2d 194 (1963), the Supreme Court defined a "procedural" statute in the following language:

"Procedure has been defined as the mode or proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of the proceeding, the court is to administer—the machinery, as distinguished from its product; that which regulates the formal steps in an action or other judicial proceeding—a form, manner, and order of conducting suits or prosecutions. It is the machinery for carrying on the suit, including pleading, *process,* evidence, and practice, whether in the trial court or the appellate court, or in the processes by which causes are carried to the appellate court for review, or in laying the foundation for such review. (Black, Law Dictionary [4th ed. 1951] Procedure, pp. 1367, 1368; 34 Words and Phrases, per. ed., Procedural, p. 118; *Ogdon v. Gianakos,* 415 Ill. 591, 596, 114 N.E.2d 686.)

"Practice has been defined as the form or mode or proceeding in courts of justice for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong; the form, manner, or order of instituting and conducting a suit or other judicial proceeding,

through its successive stages to its end, in accordance with the rules and principles laid down by law or by the regulations and precedents of the courts. (Black, Law Dictionary [4th ed. 1951] Practice, p. 1335; 33 Words and Phrases, per. ed., Practice, p. 179, *et seq.*)

"In other words, procedure or practice is the mode or proceeding by which a legal right is enforced, that which regulates the formal steps in an action or other judicial proceedings; a form, manner, or order of conducting suits or prosecutions. (*Ogdon v. Gianakos,* supra.)

"The process section of our motor vehicle act here in question is certainly not a part of the law which creates, defines or regulates rights. It is not part of the law creating any liability against the defendant for his alleged tort committed. It merely sets out a proper method for obtaining jurisdiction in specific instances and the means of acquiring jurisdiction is properly denominated as process. The issuance or service of process is not what makes one a party to a suit; it is merely a step in obtaining jurisdiction of his person after he is a party to a suit. The cause of action is the wrong done and arises from the manifestation of a right or an obligation or duty. (*Foster v. Humburg,* 180 Kan. 64, 299 P.2d 46.) The right of action exists when a person or his property is injured or damaged by the use of a motor vehicle upon the Kansas highways. Plaintiff's right of action came into existence when he was injured. Process is no part of the cause of action."

The amendment to K.S.A. 60-1103 appears to us to be procedural in that it provides that if actual notice is given to the landowners, the purpose of the statute is carried out and the statute is complied with, and we so hold.

Was the lien statement of Midwest invalid because it was not reasonably itemized? K.S.A. 60-1103(*a*) provides that a subcontractor may obtain a mechanic's lien in the same manner as an original contractor. K.S.A. 60-1102(*a*)(4), which deals with the filing of liens by original contractors, requires "a *reasonably itemized statement* and the amount of the claim, but if the amount of the claim is evidenced by a written instrument . . . a copy thereof may be attached to the claim in lieu of the itemized statement."

The statement challenged on the basis of insufficient itemization reads:

"Midwest Heating and Cooling, Inc. Sub-contractor
"Lot 32, Block 11, PINEHURST - SECOND PLAT, a subdivision in the City of Overland Park, Johnson County, Kansas, commonly known and numbered as 8208 West 101st Terrace, Overland Park, Kansas.
"137,000 BTU Lennox Furnace
HS8-511 Lennox Air Conditioner
C4-51 Coil                                                          $2,588.60
Disconnect                                                              28.00
Hood                                                                    144.00

| | |
|---|---|
| 200' 4" OG Gutter | 180.00 |
| 7 4" Miters | 16.80 |
| 23 2x3 Ell's | 34.50 |
| 70' 2x3 Pipe | 56.00 |
| 10' Flu Flashing | 35.00 |
| | $3,082.90" |

Since the statement is documentary in nature and the case was submitted on a stipulated set of facts, this Court may reach its own conclusions regarding the itemization of the lien statement and need not defer to the trial court's findings. *Clark Equip. Co. v. Hartford Accident & Indemnity Co.,* 227 Kan. 489, 608 P.2d 903 (1980). The thrust of defendants' argument is that Midwest's failure to separate the labor cost from the materials cost is unreasonable itemization and renders the lien invalid.

The only reported Kansas cases dealing with itemization are older ones that were decided under a different statute and required "a statement setting forth the amount claimed and the items thereof, as nearly as practicable." (R.S. 1923, § 60-1402.) Is there any difference, however slight, in requiring "a reasonably itemized statement and the amount of the claim" and in requiring that the statement set forth the "amount claimed and the items thereof, as nearly as practicable"? We believe there is.

As we understand the term "practicable," it means possible to perform or capable of being accomplished; thus, the prior statute that the old Kansas cases construed required a lienholder to set forth the amount claimed and the items thereof as nearly as possible, or as nearly as could be done, or as nearly as could be accomplished. *Streeter v. Streeter,* 43 Ill. 155 (1867); Webster's Third New International Dictionary 1780 (1976). The present statute does not require quite as strict a standard. Reasonable would seem to require a well-balanced statement, one that is not extreme, *i.e.,* one that is neither excessive nor insufficient in detail; a statement that is fair and sufficient to inform the landowner of the claim and to enable the landowner to ascertain whether the work was completed and whether the charge therefor is fair. *Cass v. State,* 124 Tex. Crim. 208, 61 S.W.2d 500 (1933); Webster's Third New International Dictionary 1892 (1976).

In this case, the house and the work of the subcontractor were completed. Although the stipulation on that point is not as clear as it might be, we are satisfied that the stipulation and lien

statement raise more than a reasonable inference that the sub-contractor had completed its work.

The lien statement claims a lien for "labor and materials for the installation of a furnace, air conditioner, hood, exterior guttering and downspouts," and then describes the furnace and air conditioner and other material used. In our opinion the lien statement is reasonably itemized in that it enables a landowner to determine whether the work was performed or the material furnished and whether the amount claimed is reasonable. Thus we agree with the trial court and the judgment is affirmed as to both, Midwest Heating & Cooling, Inc., and Distributors, Inc.

Affirmed.