Gary L. WILSON, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, Respondent.

No. 89–3165–O.

United States District Court, D. Kansas.

March 13, 1991.

Wilson, Leavenworth, Kan., pro se.

Connie R. DeArmond, Asst. U.S. Atty., Topeka, Kan., for respondent.

## ORDER

ROGERS, District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas, claims (1) the United States Parole Commission ("Commission") erred in changing the administrative rating assigned to his parole violation conduct from Greatest II to Category Eight and (2) the Commission's action in granting a presumptive parole date rather than maintaining a reconsideration hearing scheduled for 1992 violates the *ex post facto* clause of the United States Constitution.

Having reviewed the materials filed in this matter, the court makes the following findings and order.

### Factual Background

Petitioner was released on parole in January 1979 after serving twelve years on a life sentence. In October 1982, his parole was revoked on charges of assault and unauthorized possession of a firearm. This violation was rated as Greatest II severity due to the Commission's finding that petitioner shot the victim in the back and endangered his life. The Commission found the applicable guideline for a violation of this severity was 64+ months and continued petitioner's case to a ten-year reconsideration hearing in August 1992.

Following a statutory interim hearing in June 1985, the hearing panel recommended a presumptive parole date after service of 180 months, on June 17, 1997. At the statutory interim hearing, changes in the Commission's regulations limited the panel's options to setting a presumptive parole date or continuing the case to a fifteen-year reconsideration hearing. The Regional Commissioner accepted the panel's recommendation, and the National Appeals Board affirmed the decision setting a presumptive parole date.

A second interim hearing was held in June 1987, and the Commission ordered no change in the June 1997 presumptive parole date. This decision was again affirmed by the National Appeals Board, and petitioner then commenced this action in habeas corpus.

### Scope of Review

■ The scope of judicial review of decisions made by the Parole Commission is extremely narrow. The United States Court of Appeals for the Tenth Circuit has defined the standard of judicial review of Parole Commission actions as "whether the decision is arbitrary and capricious or is an abuse of discretion." *Nunez–Guardado v. Hadden*, 722 F.2d 618, 620 (10th Cir.1983) (quoting *Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir.1977)). Under this standard of review, a district court has no power to substitute its own discretion for that of the Commission. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 946 (2nd Cir.1976). The burden rests on petitioner to show the Commission abused its discretion and such abuse resulted in an abridgment of petitioner's constitutional rights. *See Billiteri*, 541 F.2d at 943–44.

### Discussion

#### Change in Severity Rating

■ Petitioner argues the Commission violated its regulations by changing his offense severity rating of Greatest II to Category 8. This rating applies to the new offense behavior of assault and is used to determine appropriate guidelines for parole release.

The Commission revised its guidelines for offense severity ratings in January 1983. These guidelines were implemented retroactively at statutory interim hearings held after the revisions took effect. Under the new scheme, Greatest II was replaced by two new ratings, Category 7 and Category 8. However, the revised ratings were implemented on the condition that "[a]ny prisoner receiving a more favorable severity rating at that time will have the revised rating retroactively applied." 47 Fed.Reg. 56336 (December 16, 1982). Under the Greatest II rating, petitioner had a guideline of 64+ of service prior to release. Under the new ratings, the guideline for Category 7 is a period of 64–92 months,

and the guideline for Category 8 is a period of 120+ months.[1]

Petitioner argues the Commission's application of Category 8 to his case is an improper retroactive application of the revision because the guideline period is longer than that initially assigned.

Having reviewed the guidelines and the Commission action, the court finds no error in the agency decision. It is clear the Commission, while assigning the revised offense severity rating of Category 8 in petitioner's case, preserved the guideline of 64+ months in petitioner's case. The Notice of Action issued to petitioner in July 1985 states that retroactivity does not apply, and the Commission's Notice of Action issued in July 1987 also reflects this. (Respondent's Ex. 4, Notice of Action dated July 16, 1985, and Ex. 8, Notice of Action dated July 10, 1987) The court concludes the maintenance of the original guideline nullifies any injury to petitioner by the change in ratings. Although petitioner's conduct is now identified under the new rating categories, his eligibility for release is unchanged. Petitioner therefore has not been prejudiced by the revision in severity ratings and is entitled to no relief on this claim. *See Benedict v. United States Parole Commission*, 569 F.Supp. 438 (E.D. Mich.1983) (no claim stated where amendment of parole guidelines changing offense severity ratings did not limit parole eligibility and where revisions did not change duration of confinement).

*Grant of Presumptive Parole Date*

Petitioner also challenges the Commission action taken in 1985. At that time, the Commission established a presumptive parole date of June 17, 1997, rather than maintaining a 10–year reconsideration hearing previously scheduled for 1992. Petitioner argues this action violates the *ex post facto* clause of the Constitution.

Effective October 1, 1984, the Commission adopted a new rule that allowed setting a presumptive release date within 15 years of the prisoner's initial parole hearing. This rule changed the practice of setting an effective release date, setting a presumptive release date within ten years, or continuing the inmate to a reconsideration hearing within ten years. The new rule was to be applied to every prisoner who previously had been given a ten year reconsideration hearing at the time of the next statutory interim hearing. 49 Fed. Reg. 34208 (August 29, 1984).

■ To violate the constitutional proscription of *ex post facto* laws, a law must be (1) penal or criminal in nature; (2) retrospective in application; and (3) adverse to the offender because it may impose increased punishment. *See Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981).

Petitioner argues the Commission action resulted in an *ex post facto* violation because, by giving petitioner a presumptive parole date in 1997, the Commission removed the likelihood of further consideration of this matter. Respondent, however, argues that petitioner has not been harmed because he now has a realistic idea of his presumptive release date and because he will continue to receive an interim hearing every two years.

■ Having considered these arguments, the court finds the retrospective application of the Commission regulation did not subject petitioner to more onerous punishment. The regulatory scheme under which the Commission functions expressly permits that agency to revise a prisoner's presumptive parole date after a statutory interim hearing. 28 C.F.R. § 2.14(a)(2). Because petitioner will continue to receive meaningful consideration for his suitability for release on parole, no *ex post facto* violation is presented by his circumstances. *Cf. Yamamoto v. United States Parole Commission*, 794 F.2d 1295, 1300 (8th Cir. 1986) (adverse changes in frequency under which inmate may be considered for parole may violate clause); *Rodriguez v. United*

---

1. The guideline figures cited are those for a prisoner with a salient factor score of 6, the score assigned to petitioner. The salient factor score is used to predict the risk of parole violation by assessing various aspects of an inmate's personal history, such as the number of prior criminal commitments and drug dependence. *See* 28 C.F.R. § 2.20.

*States Parole Commission,* 594 F.2d 170, 176 (7th Cir.1979) (denial of opportunity for parole by retroactive application of Commission rule violates clause).

IT IS THEREFORE ORDERED the petition is hereby dismissed and all relief denied.