Robert B. Davenport, Director Kansas Bureau of Investigation 1620 Tyler Topeka, Kansas 66612-1837
Dear Director Davenport:
You request our opinion regarding the application of new section 83 of chapter 298 of the 1992 session laws. Specifically you question whether the new fee created by this section may be assessed in cases where the criminal offense occurred prior to the effective date of the provision.
New section 83 provides in part:
 "(a) Any person convicted or diverted, pursuant to K.S.A. 22-2906 et seq., and amendments thereto, of a misdemeanor or felony contained in chapters 21 or 65 of the Kansas Statutes Annotated, shall pay a separate court cost of $150 as a Kansas bureau of investigation laboratory analysis fee for each offense if forensic science or laboratory services are rendered or administered by the Kansas bureau of investigation in connection with the case.
 (b) Such fee shall be in addition to and not in substitution for any and all fines and penalties otherwise provided for by law for such offense. . . ."
The fee is described in the provision as a separate court cost and is assessed only in criminal cases where forensic science or laboratory analyses are rendered or administered by the bureau. See also L. 1992, ch. 298, sec. 81(d). Disbursements from the forensic laboratory and materials fee fund of the bureau are to be made only for expenses associated with the provision of forensic or laboratory services. L. 1992, ch. 298, sec. 83(c). The effective date of this provision was July 1, 1993. L. 1992, ch. 298, sec. 98.
 "`The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively.' Syl. para. 6.
 "`The foregoing rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties.' Syl. para. 7.
 "`As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor; whereas procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished.' Syl. para. 8." State v. Sylva, 248 Kan. 118, 119 (1991), quoting State v. Hutchinson, 228 Kan. 279
(1980). (Emphasis in original).
Section 83 does not clearly express legislative intent that it operate retrospectively. However, the Kansas Court of Appeals has held that statutes that create or increase similar costs are procedural law rather than substantive law and therefore fall within the exception to the rule and are retrospective in nature. In determining whether a defendant should have been assessed a $40 docket fee, as required by the version of the statute in effect at the time the crime was committed and charges filed, or the $84 docket fee in effect at the time the defendant was convicted and costs were assessed, the Court stated:
 "This court has defined a procedural statute by stating:
 "`"[P]rocedure or practice is the mode or proceeding by which a legal right is enforced, that which regulates the formal steps in an action or other judicial proceedings; a form, manner, or order of conducting suits or prosecutions.'" Kopp's Rug Co. v. Talbot, 5 Kan. App. 2d 565, 570, 620 P.2d 1167
(1980).
 "The fees section of the amended statute is not a part of the law which creates, defines or regulates rights. It does not create any liability against defendant for the crime committed. Rather, the amendment appears to have been routinely made to remedy the defect in the statute caused by inflation and passage of time. No new duty is thereby imposed upon defendant. As such, the statutory amendment appears procedural in nature. Because no savings clause as to existing proceedings was included in the amendment, defendant should have been assessed the misdemeanor docket fee of $84 as is mandated by K.S.A. 1982 Supp. 28-172a(a)."
It is therefore our opinion that section 83 is procedural in nature and should be applied retroactively to crimes committed prior to July 1, 1993, when the costs are assessed after that date. We further believe that this provision does not violate the constitutional prohibition against ex post facto laws. "The law at issue must affect the substantive rights of the defendant before retroactive application of the law is constitutionally impermissible. Miller v. Florida, 482 U.S. at 429;Weaver v. Graham, 450 U.S. at 29." 15 Kan. App. 2d 4, 10 (1990), quoted favorably in State v. Sutherland, 248 Kan. 96, 105 (1991). Because we have opined that the provision in question is procedural, we must also hold that it does not violate the prohibition against ex post facto laws. Additionally, a statute is not ex post facto unless it is criminal or penal in nature. Wilson v. U.S. Parole Commission, 760 F. Supp. 183
(D.Kan. 1991), affirmed 943 F.2d 58 (1991). Court costs have been characterized as not being penal.
 "Kansas courts have held that statutes requiring a convicted defendant to pay court costs were not intended to penalize the defendant, but to allocate the expenses incurred in prosecution. In State v. Schmidt, 34 Kan. 399, 403-04, 8 P. 867 (1885), the court held that a county attorney's fee, authorized by statute to be assessed against a defendant following conviction of a prohibitory law, `is not imposed as a part of the punishment, but is simply imposed as a part of the costs of the prosecution, for services rendered by the county attorney.'" State v. Dean, 12 Kan. App. 2d 321, 323 (1987).
In conclusion, the Kansas bureau of investigation laboratory analysis fee established by L. 1992, ch. 298, sec. 83 is to be applied retroactively to offenses committed before July 1, 1993 in cases where the costs are assessed after that date. The provision is procedural in nature and does not violate the constitutional proscription against ex post facto laws.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM: